UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
MAY 25 2007

```
*****************************************************************
                            *
RAMON GUEL, Jr.,            *   CIV 07-4069
                            *
         Petitioner,        *
                            *   MEMORANDUM OPINION
       -vs-                 *   AND ORDER
                            *
WARDEN WHITEHEAD, Warden,   *
Federal Prison Camp,        *
                            *
         Respondent.        *
                            *
*****************************************************************
```

Petitioner Ramon Guel, Jr., an inmate at the Federal Prison Camp in Yankton, South Dakota, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. He also has filed the following motions: Motion for Preliminary Injunction (doc. 2), Motion to Expedite Ruling on Motion for Preliminary Injunction (doc. 4), and Motion and Notice to Expedite Hearing on Motion for Preliminary Injunction (doc. 6). Petitioner seeks placement in the Residential Drug Abuse Program (RDAP) scheduled to begin on May 27, 2007 at the Yankton prison camp so that he will be eligible for early release consideration under 18 U.S.C. § 3621(e). He asks for an expedited ruling on his motion for a preliminary injunction because he claims that if he does not begin the program now he will not be eligible for the entire 12 month sentence reduction allowed by statute.

## DISCUSSION

In determining whether to issue a preliminary injunction, the Court ordinarily must consider the following factors: (1) the threat of immediate irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981); *S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condominium Project*, 877 F.2d 707 (8th Cir. 1989)

(standard for a temporary restraining order is the same as standard for preliminary injunction). This action was just recently filed and no response has yet been ordered or received, but the Court will address each of these factors to the extent possible on the record before the Court.

Irreparable harm is present because the Petitioner may lose an opportunity for early release. Because of the scant record before the Court, it is difficult to balance this harm against any harm to the prison if it is required to admit Petitioner to the RDAP on May 27

Regarding the third factor, the law weighs heavily against the probability that Petitioner will succeed on the merits. Congress has authorized the BOP pursuant to 18 U.S.C.A. § 3621(e)(2)(B) to grant sentence reductions of up to one year for those convicted of a nonviolent offense who have successfully completed the 500-hour Residential Drug Abuse Treatment Program. 18 U.S.C.A. § 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Courts have held that 18 U.S.C.A. § 3621(e)(2)(B) does not create a liberty interest in a reduced sentence protected under the due process clause. *See Fristoe v. Thompson,* 144 F.3d 627 (10th Cir. 1998); *Sesler v. Pitzer,* 926 F.Supp. 130 (D.Minn. 1996), *aff'd, Sesler v. Pitzer,* 110 F.3d 569 (8th Cir. 1997)(overruled on other grounds). The United States Supreme Court has addressed the discretionary nature of this statute: "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis,* 531 U.S. 230, 241 (2001). The Eighth Circuit Court has recognized that prison officials have discretion to determine prisoners' eligibility for rehabilitation programs absent arbitrariness or caprice. *See Sellers v. Ciccone,* 530 F.2d 199, 204 (8th Cir. 1976) (§ 2241 habeas petition denied because there was a reasonable justification for excluding petitioner from x-ray technician training program). *Cf. Downey v. Crabtree,* 100 F.3d 662, 670 (9th Cir. 1996) (recognizing the BOP's broad discretion with respect to admitting prisoners into the RDAP). In response to Petitioner's grievance in the present case, the

BOP stated that there is an extensive waiting list for the Yankton RDAP. Because of the waiting list, inmates usually are admitted only soon enough to receive an average of six to nine months' reduction to their sentence. The BOP's response indicates that this is comparable to other federal prison camps in the region. There is no evidence that the decision not to admit Petitioner to the RDAP on May 27 was arbitrary or capricious. For all of these reasons, Petitioner has not shown a probability of success on the merits.

Finally, the Court does not believe it is in the public interest to grant an injunction requiring the prison to admit Petitioner to the RDAP on May 27, 2007. After considering all of the relevant factors, the Court finds that Petitioner is not entitled to a preliminary injunction. Accordingly,

IT IS ORDERED:

1. That the Motion for Preliminary Injunction (doc. 2), Motion to Expedite Ruling on Motion for Preliminary Injunction (doc. 4), and Motion and Notice to Expedite Hearing on Motion for Preliminary Injunction (doc. 6) are denied.

2. That the Clerk of Court is directed to serve upon the Respondent and the United States Attorney for the District of South Dakota, by certified mail, a copy of the petition for writ of habeas corpus, Doc. 1, this Order, and copies of the motions filed by Petitioner (docs 2, 4 and 6).

3. That Respondent is directed to show cause, within twenty days after service, why the writ should not be granted.

Dated this 25th day of May, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)       DEPUTY

3